## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRESCENT RIVER PORT PILOT'S ASSOCIATION** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-5491** |
| **CHUBB GROUP OF INS. COS., ET AL** | **SECTION: "S" (3)** |

## <u>ORDER AND REASONS</u>

The motion for summary judgment (Doc. # 47) by defendant Summit Global Partners, Inc., is **DENIED.**

## BACKGROUND

The undisputed facts are the following:

In April 2001, plaintiff, Crescent River Port Pilot's Association, obtained a Director and Officers and Employee Liability Policy from Chubb Custom Insurance Company through Kelly Martinez, an employee of Crescent's insurance broker, Jourdan Harrison Insurance Brokers.  On March 23, 2003, defendant, Summit Global Partners, Inc., became plaintiff's insurance broker when Martinez began employment with Summit.  In April or May 2003, Summit renewed the Chubb insurance policy for plaintiff.  On November 20, 2004, plaintiff was sued by Daniel Caire for age

discrimination after Caire was denied the opportunity to be a river port pilot apprentice, and plaintiff made an insurance claim with Chubb, which denied coverage and defense.  On June 10, 2005, Caire's suit was dismissed, and judgment was rendered in favor of Crescent.[1]

On November 10, 2005, plaintiff filed this suit for damages against Summit for Summit's failure to obtain employment practice liability coverage which would have covered the Caire claim, and to recoup costs that plaintiff incurred in defending the claim.[2]  Summit moves for summary judgment, arguing that plaintiff's claims against it are perempted under La. Rev. Stat. §9:5606, and that Summit did not fail to procure coverage because the Chubb policy, in fact, contained coverage for employment practice liability ("EPL") for, and a duty to defend against, the Caire claim.  Summit argues that Chubb's denial of coverage and defense was not justified.

## ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."[3]  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence

---

[1] *Daniel Caire v. Crescent River Port Pilots Association*, No. 04-1244 (USDC ED La.)(Doc. #44).

[2] *See* Complaint, §2.  Chubb was also named as a defendant, but Chubb's claim went to arbitration as per the insurance contract and plaintiff settled their claim against Chubb for $22,500.00. Plaintiff claims that it successfully defended the Caire suit at a cost of $96,022.80.

[3] *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c).

of a genuine issue for trial.[4]

## B. Peremption

Louisiana Revised Statute §9:5606 states:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest withing three years from the date of the alleged act, omission or neglect.

Summit argues that the peremptive period in this case began when the policy was first issued by Chubb in 2001 because the policy was renewed yearly and remained basically unchanged.  However, it is undisputed that Summit had no responsibility to procure insurance on plaintiff's behalf until March 2003, when Summit became plaintiff's broker.  Hence, any liability against Summit could not have arisen until at least March 2003.  Plaintiff filed suit on November 10, 2005, which is well within the peremptive period.  Plaintiff's claims against Summit are not perempted under La. Rev. Stat. §9:5606.

## C. Coverage under Chubb Policy

Summit argues that the Chubb policy contained EPL coverage;[5] that the policy provided coverage and defense costs for the Caire claim; and that Chubb was not justified in denying the

---

[4]*Celeotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986).

[5]Summit attaches through affidavit excerpts of the Chubb policy for the policy years 04-03 to 04-04 and 04-04 to 04-05, both of which contain the EPL language.  *See* Doc. #44, at 19-20.

claim and defense costs.

Summit attaches the deposition transcript of Martinez who testified that in January 2005, he explained to Chubb's underwriter, Charlie Kim, that there was coverage for the Caire claim because Caire met the definition of an assured and because his claim met the definition of an employment claim.[6]  After having worked for Summit for two years, Martinez moved to Lockton Insurance Brokers while the Caire claim was still pending.[7]  While at Lockton, Martinez reviewed the Crescent file, which included notes  about coverage[8] from Chubb underwriters and correspondence from 2005 between Martinez and Andrea Campi, a senior underwriter at Chubb.[9]  Martinez also found a copy of his April 7, 2005, email to Campi on which Campi hand wrote "exclude apprenticeship program?", which Martinez said indicated that she was contemplating excluding the apprenticeship program after Caire had filed his claim against the pilots.[10]  Summit argues that this evidence supports  its theory that coverage existed for the apprenticeship program at the time of the Caire claim.

On the other hand, plaintiff attaches four letters from Chubb which explain the basis for the denial of coverage and defense of the Caire claim.  The letters explain that Chubb denied coverage on the Directors & Officers portion of the policy because Crescent was not an "insured person"

---

[6]Deposition of Kelly Martinez, at 56.

[7]Deposition of Kelly Martinez, at 12 and 57.

[8]Deposition of Kelly Martinez, at 57.

[9]Deposition of Kelly Martinez, at 66-71.

[10]Deposition of Kelly Martinez, at 76-77 and exhibit 18.

under the policy and because the D&O policy does not cover employment claims.  Further, the letters explain that the Caire claim did not fall within  the EPL coverage of the policy because the policy extended to only employee/employer relationships which did not include the pilots who were independent contractors and not employees nor applicants to the apprenticeship program, like Caire. Plaintiff argues that "[t]he absence of simple plain language endorsement created a denial of coverage."

Construing the facts in the light most favorable to the plaintiff, the court finds that there are outstanding issues of material fact as to whether there was insurance coverage for the Caire claim. The motion for summary judgment is **DENIED**.

New Orleans, Louisiana, this  <u>4th</u>  day of November, 2008.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

5